IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JORGE PORTE-YANES,                          :
                                            :
            Petitioner,                     :       CIVIL NO. 4:CV-07-1525
                                            :
      v.                                    :       (Judge Jones)
                                            :
WILLIAM E. LORE,                            :
                                            :
            Respondent.                     :

## MEMORANDUM

### September 27, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Jorge Porte-Yanes ("Petitioner" or "Porte-Yanes"), an inmate presently

confined at the Clinton County Correctional Facility, McElhattan, Pennsylvania, filed

this pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. §

2241.[1] Named as sole Respondent is William E. Lore, Director of the Bureau of

Immigration and Customs Enforcement ("ICE"). Petitioner's request for leave to

proceed in forma pauperis will be granted.

Porte-Yanes was convicted following a jury trial before one of our colleagues

on this Court, the Honorable William W. Caldwell. See United States v. Porte, No.

1:CR-89-205. According to the present Petition, Porte-Yanes was to have completed

---

[1] In previous matters before this Court, Petitioner listed his name as being Porte.

service of the sentence stemming from that conviction on August 17, 2007.[2]  Upon

his release, Petitioner was transferred into ICE custody pending his removal from this

country.

Porte-Yanes describes himself as Cuban native who has been a permanent

resident of the United States for twenty-six (26) years.  He further indicates that he

was paroled into the United States "for humanitarian reasons."[3]  (Rec. Doc. 1, ¶ 9).

In a prior Petition before this Court, Porte-Yanes indicated that an Immigration Judge

("IJ") ordered his removal from the United States and that an administrative appeal to

the Board of Immigration Appeals was denied.  See Porte-Yanes v. BIA, No. 4:CV-

07-17.  However, in the instant action, Petitioner contends that as a permanent

resident he has a right to procedural due process during the removal process and,

therefore, is entitled to immediate release because there are no ongoing reparation

negotiations between this country and Cuba.

**DISCUSSION:**

Habeas corpus petitions brought under § 2241 are subject to summary

---

[2] Petitioner's present action is dated August 14, 2007, three days before the scheduled completion of his federal sentence.

[3] It appears that Petitioner arrived during the 1980 Mariel boatlift when approximately 125,000 Cubans departed from the harbor of Mariel, Cuba, and entered the United States. Due to their unprecedented number, the Immigration and Naturalization Service paroled them into this country.

dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). District courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

It is initially noted that if Petitioner wishes to challenge the legality of his removal proceedings, he must initiate an action in the appropriate Court of Appeals. See Section 106 of the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005) (indicating that the sole and exclusive means to review an order of removal shall be by petition for review in the appropriate Court of Appeals). However, this Court has jurisdiction over the Petition to the extent that it seeks Porte-Yanes' immediate

release on bond pending removal.  Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  At the conclusion of the ninety (90) day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & (6).

Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

(i)  The date the order of removal becomes administratively final.

(ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3)&(6).

8 U.S.C. § 1231(a)(1)(B).

In the present case, Petitioner acknowledges that he recently completed service of his federal criminal sentence on August 17, 2007.  Pursuant to § 1231(a)(1)(B)(iii), the ninety (90) day removal period began to run as of that date.  See Vasquez v. ICE, 160 Fed. Appx. 199, 201 (3d Cir. 2005).  Porte-Yanes is clearly subject to the ninety

(90) day post-removal order period of mandatory detention.[4]   Because Petitioner's

ninety (90) day period of mandatory detention has not yet expired, his present Petition

is premature and will be dismissed without prejudice.   An appropriate Order shall

issue.

---

[4]   Immediately following the expiration of the ninety (90) day removal period, ICE's field office director having jurisdiction over the alien shall initiate an initial custody determination as to whether the detainee should be released.